IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Heather D., | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | Case No. 3:21-cv-50271 |
|   v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
|    *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Heather D. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her social security benefits.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**I. Background**

Plaintiff is a younger individual who has received mental health treatment for bipolar disorder, depression, anxiety and panic attacks. She has also been treated for diabetes, obesity, asthma, hearing problems, and issues with balance. She is four foot ten inches tall and weighs over 350 pounds.

Plaintiff submitted applications for disability insurance benefits and supplemental security income in July 2019, when she was 24 years old. R. 79. Plaintiff alleged that she suffered from bipolar disorder, post-traumatic stress disorder ("PTSD"), attention-deficit/hyperactivity disorder ("ADHD"), hearing loss, and diabetes with an alleged onset date of August 20, 2015. R. 79-80.

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

1

Her claims were initially denied on January 13, 2020, and upon reconsideration on August 5, 2020. Thereafter, she filed a written request for a hearing, and a hearing was held before an Administrative Law Judge ("ALJ") on November 18, 2020.

On April 16, 2021, the ALJ issued an unfavorable decision finding Plaintiff was not entitled to benefits. The ALJ found that Plaintiff had the following severe impairments: asthma, obesity, and depression. R. 17. The ALJ determined that Plaintiff's severe impairments did not meet or medically equal a listed impairment. R. 19. The ALJ concluded Plaintiff had the following residual functional capacity ("RFC"): she can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; she has no limitations in the total amount of time she is able to sit, stand, or walk throughout an 8-hour workday; she needs to alternate her position such that she sits for no more than 5 minutes out of every hour spent on her feet standing and walking and, while doing so, she would not need to be off task; she is able to ambulate effectively but should not be required to perform more than minimal ambulation on rough or uneven surfaces; she can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, but can never balance or climb ladders, ropes, or scaffolds; she should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; she is limited to working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights, and she should avoid concentrated exposure to unguarded hazardous machinery; she is limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment; she is not capable of multitasking or work requiring considerable self-direction; she can work at an average production pace, but not at a significantly above average or highly variable pace; she is precluded from work involving direct public service, in person or over the phone, although she can tolerate

brief and superficial interaction with the public that is incidental to her primary job duties; she is unable to work in crowded, hectic environments; and she can tolerate brief and superficial interaction with supervisors and co-workers but is not to engage in tandem tasks. R. 26.

The ALJ determined that Plaintiff had no past relevant work but that there were jobs that existed in significant numbers in the national economy that she could perform, including a mailroom clerk and merchandise marker. R. 33. Plaintiff requested review by the Appeals Council, which was denied on July 2, 2021. Plaintiff appealed the ALJ's decision to this Court July 9, 2021.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (citations omitted). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

For much of the opening brief, Plaintiff takes the disfavored "kitchen sink" approach to attacking the ALJ's opinion. She makes a multitude of arguments, most of which are underdeveloped. *See Nash v. Colvin*, No. 15 CV 50019, 2016 WL 4798957, at *7 n.7 (N.D. Ill.

3

Sept. 14, 2016) ("'Kitchen sink' memoranda cause unnecessary work for the Government and the Court and generally contain unpersuasive arguments (as in this case) that only serve to cheapen and distract from the arguments with merit."); *see also Herren v. Saul*, No. 20-CV-156, 2021 WL 1192394, at *2 (E.D. Wis. Mar. 30, 2021). However, there is one argument that sticks. Plaintiff argues that the ALJ failed to assess the combined effects of Plaintiff's morbid obesity and asthma and make accommodations for those combined effects in the RFC. Pl.'s Br. at 14-15, Dkt. 17.

As stated above, Plaintiff is four foot ten inches tall and weighs over 350 pounds.[3] Plaintiff testified at the hearing that she has a hard time walking and that walking results in her becoming out of breath and dizzy, and she breathes too heavy. R. 59. Her mother testified that Plaintiff cannot stand for very long because of her weight. She also testified that she wheezes when she walks upstairs. R. 54. Pointing to Plaintiff's medical records, which included a diagnosis of asthma and treatment with nebulizers and steroids, the ALJ concluded that her asthma was a severe impairment. R. 17, 20. Pointing to Plaintiff's BMI, the ALJ also concluded that Plaintiff's obesity was a severe impairment. *Id*. Despite this, the ALJ determined that Plaintiff was able to climb ramps and stairs, stoop, kneel, crouch, and crawl for up to a third of the workday[4] and expected Plaintiff to stand or walk for 7 hours and 20 minutes in an 8-hour workday.[5] *See* R. 26. The ALJ provides no explanation for his conclusion that Plaintiff could engage is such activities given her

---

[3] Based on her height and weight, Plaintiff has a body mass index ("BMI") greater than 73, which indicates severe or morbid obesity. *See Calculate Your Body Mass Index*, National Heart, Lung, and Blood Institute, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm; *Defining Adult Overweight and Obesity*, Centers for Disease Control and Prevention, https://www.cdc.gov/obesity/basics/adult-defining.html; *see also Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014) (BMI greater than 40 indicates morbid obesity).

[4] The ALJ stated that Plaintiff could do these activities "occasionally," which the Social Security Administration defines as "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).

[5] The ALJ specified that Plaintiff needed to sit for no more than 5 minutes out of every hour spent on her feet standing or walking. R. 26. Taken to its logical conclusion, the ALJ limited Plaintiff to sitting for at most 40 minutes and standing or walking for at least 7 hours and 20 minutes in an 8-hour workday.

4

extreme obesity and breathing problems. For example, did the ALJ disbelieved Plaintiff and her mother when they testified that because of Plaintiff's weight and breathing problems she had difficulty walking and climbing stairs without becoming short of breath. Given the inherent believability that a woman four feet ten inches tall who weighs in excess of 350 pounds would have such difficulty, the ALJ was required to confront this evidence and explain why he discounted it. *See Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) ("[A]lthough an ALJ does not need to discuss every piece of evidence in the record, the ALJ may not analyze only the evidence supporting her ultimate conclusion while ignoring the evidence that undermines it. The ALJ must confront the evidence that does not support her conclusion and explain why that evidence was rejected.") (internal citations omitted). If the ALJ did believe the testimony, then why did he craft an RFC that required Plaintiff to stand or walk for over seven hours in a day and climb stairs and ramps for up to one third of the day?

The Commissioner responds that the ALJ explicitly considered her obesity in the RFC assessment. Def.'s Resp. at 14-15, Dkt. 23. Specifically, the ALJ limited Plaintiff to light work to accommodate the stress imposed on her lower extremity joints due to her obesity, ankle pain, and a knee injury. R. 29. But this begs the question: how did limiting her to light work address her extreme obesity and breathing problems? The ALJ states that, considering her obesity and the stress it imposed on her lower extremities, limiting her to medium work would have been reasonable. This statement is incomprehensible. What is the ALJ's rationale for saying that a full range of medium work is reasonable for an extremely obese woman with asthma who has difficulty standing, walking, and climbing stairs without experiencing breathing issues? The ALJ goes on to state that he limited her to light work because of her ankle pain and past knee injury. Again, the ALJ does not explain how his RFC, which required Plaintiff to stand and walk in excess of seven

hours and climb ramps and stairs for up to a third of the day, accommodated her extreme obesity and asthma. In fact, it is not even clear to the Court how it accommodated her lower extremity pain. More explanation is required here.[6] *See Goins*, 764 F.3d at 681 ("How she could be thought capable of either standing or walking for six out of eight hours eludes us. . . [g]iven her obesity and the serious spinal problems."); *Barrett v. Barnhart*, 355 F.3d 1065, 1068-69 (7th Cir. 2004) (ruling that the ALJ's decision failed to analyze how, given her obesity and arthritic knees, plaintiff could be on her feet for a sufficient period to perform light work); *see also John P. v. Saul*, No. 2:19CV0004, 2019 WL 4072118, at *9 (N.D. Ind. Aug. 28, 2019) ("[G]iven Plaintiff's back pain, knee pain, shortness of breath and his obesity, there was no basis for the ALJ determine that he could be on his feet 6 out of 8 hours."); *Brandi B. v. Kijakazi*, No. 21 C 4383, 2022 WL 2463558, at *7 (N.D. Ill. July 6, 2022) ("At best, it's a bit of a struggle to accept the ALJ's finding [that the plaintiff was capable of climbing ramps and stairs up to two hours a day in spite of her morbid obesity, back problems, and amputated leg].") The Court concludes that remand is warranted on this basis.

Moreover, the Court finds that the ALJ erred in another way with respect to the sitting, standing, and walking limitation. At both the initial and reconsideration levels of the disability determination process, the state agency medical consultants determined that Plaintiff was able to sit, stand, and/or walk about six hours in an eight-hour workday. R. 85, 108. Notably, out of all of the opinion evidence, the state agency consultants' opinions were the only opinions the ALJ found persuasive:

> The opinions were persuasive to the extent that each reflected the evidence available to the consultants at their respective levels of review. However . . . the

---

[6] Nor does the ALJ explain how limiting Plaintiff's exposure to concentrated pulmonary irritants accommodates her extreme obesity combined with asthma. Plaintiff and her mother's testimony did not indicate that Plaintiff's breathing problems while walking, standing, and climbing stairs only occurred when exposed to pulmonary irritants.

6

>consultants did not have an opportunity to review the complete documentary record nor hear the testimony of the claimant and her mother, which in combination suggested she required more restrictive non-exertional physical limitations than they had assessed.

R. 31.

The latter sentence would seem to indicate that the ALJ intended to craft a more restrictive RFC for Plaintiff. Yet, the ALJ determined that Plaintiff had *no limitations* in the total amount of time she was able to sit, stand, or walk and, as set forth above, crafted an RFC that required her to be on her feet, standing or walking in excess of seven hours per day. This means that the ALJ crafted an RFC that was less restrictive than the consultative examiners recommended. Where medical reports do not support the RFC which the ALJ gave the claimant, "[t]he ALJ needed to explain how he reached his conclusions about [the claimant's] physical capabilities." *Scott v. Astrue,* 647 F.3d 734, 740 (7th Cir. 2011). Here the ALJ provided no explanation for why the RFC provided for more standing and walking time than was recommended by the consultative examiners. On remand the ALJ must explain this discrepancy. *See Gray v. Berryhill*, No. 16 C 9555, 2017 WL 3176283, at *4 (N.D. Ill. July 26, 2017) (citing *Scott*, 647 F.3d at 740 (7th Cir. 2011)); *Diehl v. Berryhill*, No. 16 C 4018, 2017 WL 2664137, at *4 (N.D. Ill. June 20, 2017)).

For all of the reasons outlined above, the ALJ has failed to provide an accurate and logical bridge from the evidence to her conclusion as to Plaintiff's RFC. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Accordingly, remand for further proceedings is required. In remanding this case, the Court is not indicating that the issues raised in this appeal must be resolved in a particular way, but rather that they should be explored more thoroughly.

In light of the Court's remand to reevaluate the RFC assessment, it will not address Plaintiff's remaining arguments. However, Plaintiff should raise any of these concerns with the

7

ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion.

Date: August 1, 2022      By: *[signature]*

Lisa A. Jensen
United States Magistrate Judge